# CASES ARGUED AND DECIDED

—— IN THE ——

# SUPREME COURT OF MISSISSIPPI,

—— AT THE ——

## MARCH TERM, 1899.

---

JOHN HOOKER ET AL. *v.* DANIEL A. MCINTOSH ET AL.

76 393
84 780

1. PROMISSORY NOTES. *Consideration. Public land. Relinquishment of prior entry.*

   Appearance at a United States land office and relinquishment of a prior inchoate entry of public land by the payee of a promissory note at the request of the maker is both a lawful and sufficient consideration for the obligation.

2. NOVATION. *Payment. Instruction.*

   Where the defense to a suit upon a contract is that of novation, it is erroneous to instruct the jury as if the defense were one of payment.

FROM the circuit court of Lawrence county.

HON. WILLIAM P. CASSEDY, Judge.

McIntosh and Newsom, the appellees, were the plaintiffs in the court below; Hooker and another, appellants, were defend-

ants there.    The suit was an action on two promissory notes, each for one hundred dollars, executed by Hooker and a surety, appellants, payable to Newsom, one of the appellees, who, after the maturity of the notes but before suit began, invested McIntosh, his coplaintiff, with an undivided one-half interest in them.    Newsom, the payee in the notes, had taken the preliminary steps to enter a piece of land from the United States government, but had not perfected his entry so as to acquire title. He became dissatisfied and wished to dispose of his interest in the land.    Hooker was desirous of owning the land.    The two put in an appearance together at the United States land office, when Newsom relinquished his prior inchoate entry and Hooker entered the land.    The notes sued upon grew out of this transaction, and they were given by Hooker to Newsom in consideration of the latter's appearance at the land office and the relinquishment of his entry.    After Hooker's entry he, too, became dissatisfied with the land and his discomfiture was made known to Newsom, when the parties, according to appellant's evidence, agreed that Hooker should sell the land for whatever he could obtain for it and pay Newsom one-half the proceeds of such sale.    This agreement was to take the place of the notes, and it was made before McIntosh acquired any interest in them. Hooker sold the land, receiving specific property in exchange therefor, and gave Newsom, who accepted the same as representing, in part, the latter's half interest in the property, certain other commodities at an agreed valuation.

*John H. Arrington* and *McWillie & Thompson*, for appellants.

By express provision of law all assignments and transfers of any right acquired by the homesteader, prior to the issuance of a patent, are null and void.    Revised Statutes of the United States, sec. 2263.    If a direct transfer, say by deed, of Newsom's interest in the land to Hooker be null and void, prohibited, would not the accomplishment of the same thing by indirection be equally so?    .

The evidence of appellant showed that there was a novation, an abandonment of the contract evidenced by the notes, and the substitution of a new obligation, and yet the court below gave plaintiffs an instruction that the only question to be decided was one of payment of the notes. This was most certainly erroneous. *Adams* v. *Power*, 48 Miss., 450.

*Brame & Brame*, for appellees.

By a careful study of secs. 2257, 2289, 2290, 2291, Revised Statutes of the United States, it will be seen that alienation is forbidden of land, and the contracts based thereon are void, only when made before entry, not after entry, and before the patent issues. Section 2290, upon which counsel rely, is the provision for parties making the affidavit for entry, and in the succeeding sections, and in all subsequent legislation, will be found the words, "he or his assigns," in relation to those who have entered lands for a homestead, or pre-empted same. It is thus seen that assignments of the right to homestead is recognized. In construing secs. 2290, 2291, Revised Statutes of United States, in *Sturr* v. *Buck*, 103 U. S., 541, it is said that "the government agrees to make a proper conveyance as soon as it can, and in the meantime holds the naked fee in trust for the purchaser who has the equitable title." "Alienation before issue of patent is not prohibited or contrary to the spirit of the law." *Knight* v. *Leary*, 54 Wis., 459; 19 Am. & Eng. Enc. L., p. 333.

It is attempted also to raise a question of novation, or substitution of a new debt for the old. But the evidence on this point does not sustain the contention. Defendant attempted to show that the plaintiff agreed to a sale of the land, and that they were to share equally the proceeds of the sale. The burden of proof is on the party alleging novation, and appellants have signally failed to establish the novation, and, by their own testimony, Hooker did not comply with the alleged agreement to deliver half the proceeds of the land. If he had established

the fact of novation, the former contract was only suspended until performance of the substituted contract, and, upon a non-performance of the latter, the former became of full force and effect.

Argued orally by *R. H. Thompson*, for appellants, and by *L. Brame, Jr.*, for appellees.

WOODS, C. J., delivered the opinion of the court.

The arrangement between Newsom and Hooker whereby the former agreed with the latter to relinquish his claim to and abandon the land, and to cancel his entry at the land office, in order that the latter might enter the land and ultimately secure a patent therefor, was not illegal, and constituted a sufficient consideration for Hooker's notes given to Newsom. It was simply the relinquishment of Newsom's possessory right in the premises, with the improvements made thereon by him. The authorities on the subject are collated in the 19 Am. & Eng. Enc. L., 323, 324 and notes, and 332–334, with notes.

The case must, however, be reversed because of erroneous instructions. The first instruction given for the plaintiff confined the jury to a question of payment of the notes. That was not really the defense offered. No one pretended that the notes had been paid. The question was, had there been nova-tion of the original indebtedness. The second instruction given for the plaintiff and instruction given for the defendant, marked No. 3 in the transcript, are not harmonious.

*Reversed.*