## BEE W. HOLLOWAY v. RUFUS S. MILLER.

1. PUBLIC LANDS. *Conveyance. Possession. Improvements.*
    A person, not a willful trespasser, who has the possession of public lands, and has placed improvements thereon, has an interest therein which he may convey to his vendee.

2. SAME. *Warranty. Breach. Eviction.*
    One who purchases from another lands, the title to which is found to be in the United States government, may sue at once, without awaiting eviction, upon the covenants in his deed.

3. SAME. *Grantee perfecting title. Measure of damages.*
    If a vendee of land upon finding the title to be in the United States government retain possession of the premises and the improvements thereon and, without notice to his grantor, perfect title in himself, his measure of damages in a suit upon the covenants in his deed is the sums paid in perfecting his title and other damages, if any, caused by the breach of the warranty, not including the purchase price paid his grantor.

FROM the circuit court of, first district, Marion county.

HON. WILLIAM T. McDONALD, Judge.

Miller, the appellee, was plaintiff, and Holloway, the appellant, was defendant in the court below. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The opinion fully states the case.

*Mounger & Mounger*, for appellant.

Counsel for appellee rely on *Pevey* v. *Jones*, 71 Miss., 647. This is a case unsupported by a single authority, and, while correct in the result reached, is ill advised in seeming to be authority for what it is not. It is not authority for the position of the lower court in this case. There it is said: "The grantee acquired nothing as to the land owned by the United States." There the grantee was never in actual possession, there were no improvements; but in this case Miller did get something, and Holloway did part with something. Holloway gave up and Miller received actual possession. This put Miller in a position to learn that the land was public and removed Holloway from such position. It put Miller where he had a preference before all others to enter said land, and it removed Holloway from the position where he would have such preference. In the case of *Pevey* v. *Jones* the vendee lost the land and was never in possession and could never perfect the title. A payment back of the entire purchase money with interest was necessary to make him whole. Nothing less would have made him whole. In this case Miller saved the title, and did so by reason of being in possession, and did so at little expense. He can be made whole for less than the purchase money. These additional facts give place for a principle of equity to operate. There was no place for it to operate in the case of *Pevey* v. *Jones*, but here there is a place for it. The principle is that the vendee is held to entire good faith with his vendor, and should not be allowed to speculate or make personal gain. This is discussed in *Kirkpatrick* v. *Miller*, 50 Miss., 527.

*T. S. Dale,* for appellee.

This is a case in which appellant sold appellee eighty acres of land belonging to the United States government. Appellant, while in possession of the land, was a trespasser, and of course he could give appellee no other possession than such that he had himself. Appellee paid appellant not for eighty acres of land and not even for possession thereof, but paid him for absolutely nothing, the amount as shown by the evidence and for which a judgment was given him in the lower court; hence appellant is liable unto appellee for money had and received. *Pevey* v. *Jones,* 71 Miss., 647.

It is contended by counsel for appellant that this case is not supported by that of *Pevey* v. *Jones,* but I am unable to see the difference; both appellant and appellee in this case being trespassers, neither one could be in such possession under the law as to have any vested rights whatever. In the above cited case the court in its opinion says: "In this case the grantee acquired nothing whatever as to the land owned by the United States; and by virtue of the transaction his vendor, on receipt of the purchase money, thereby at once became liable to him for money received to his use."

TRULY, J., delivered the opinion of the court.

Appellant, for a long term of years, had been, by virtue of several conveyances, in possession of a tract of land including the eighty acres about which this controversy arose. He had cultivated, fenced, erected buildings, and generally improved the same, claiming, operating, and cultivating the same as owner. Under these circumstances he executed a deed to appellee conveying with full warranty of title a tract of one hundred and fifty acres, of which this eighty formed a part. Under this deed appellee entered into possession, used and controlled the same for several years, when he discovered that the title to the eighty acres had never been divested from the United States government, whereupon, without advising his vendor, he made

an entry of the said land as a homesteader, secured his certificate of entry and duplicate receipt, and then made a demand on appellant for the purchase price of eighty acres, and, this being refused, filed suit in the circuit court for the proportionate amount of the purchase price of the entire tract which was represented by the eighty acres. Appellant offered to pay the amount expended by appellee in procuring his homestead entry and such other sums as would necessarily be expended by him in perfecting title to the land. At the conclusion of the testimony which developed the above state of facts the court peremptorily instructed on behalf of appellee that the jury should find for him "in that amount which they believe from the evidence the eighty acres was worth in the total valuation of the one hundred and fifty acres as fixed by the parties at the time of the trade and paid by the plaintiff, and six per cent interest thereon from date of payment," and refused an instruction for appellant that appellee was "only entitled to recover whatever amount the evidence shows Miller has expended and will necessarily have to expend to perfect his title" to the land in controversy. It was shown by the testimony that the eighty acres in question contained improvements erected by appellant and still thereon at the date when appellee entered into possession, the value of which was variously estimated at from $100 to $200, and there was conflict in the testimony as to what was the relative value of the eighty acres and the remaining portion of the tract conveyed.

The action of the court in instructing the jury to find in appellee's favor for the entire amount paid for the eighty acres was probably based upon the opinion of this court in *Pevey* v. *Jones,* 71 Miss., 647 (16 South., 252; 42 Am. St. Rep., 486). That case can be readily differentiated from the one here presented. There it was held that the grantee in a deed by which it was attempted to convey land of the government, but to whom possession was not actually delivered, was not required to take possession of the public land, or attempt to enter upon it, but that

a right of action immediately accrued to recover for a breach of the warranty; and this was not dependent on any future event, but was fixed by the sole fact of the ownership of the land by the government. In that case the grantee acquired nothing whatever as to the land owned by the United States, and for that reason it was held that his right of action for the recovery of the purchase money paid accrued at once upon the execution of the deed. In the instant case appellee did acquire substantial rights by the conveyance from appellant. He acquired the use and ownership of the improvements on the land. More than this, he obtained that possession which was indispensable to his entry of the land from the government as a homestead. These were valuable rights vested in appellant, and which he could legally transfer and convey to his vendee. *Hooker* v. *McIntosh,* 76 Miss., 693 (25 South., 866). Under this state of facts appellee is not permitted to now claim from his vendor the total amount of money which he had paid as the purchase price of the land without first surrendering possession of the land and improvements which he obtained by means of such conveyance. One cannot enter into possession by virtue of a conveyance, and, taking advantage of some secret defect in the title, procure the outstanding paramount title to the detriment of his vendor, and then sue for the purchase money of land and improvements, from which he had not been evicted and the possession of which he still retained. The rule in reference to breach of warranty is that the warrantor must make whole his vendee for all damages inflicted and for all moneys necessarily expended for the protection of the possession. And the duty of the vendee of the land the title to which fails is stated in *Dyer* v. *Britton,* 53 Miss., 278: "The doctrine is that he must deal fairly and in fidelity to his warrantor; that, while he will not be permitted to break allegiance to the title under which he entered and holds possession, yet he shall not be put to the useless expense of a fruitless litigation against an incumbrance or paramount title, which must ultimately prevail, but may, if necessary to pre-

serve the estate and the possession, pay off the one and buy in the other; and for such outlays of money he shall be reimbursed." One who finds that he has unwittingly attempted to purchase a tract of land the title to which is in the United States government need not wait an eviction, which must inevitably come, but may immediately abandon possession thereof, and institute suit for the recovery of the purchase money paid. But he cannot retain the possession of the land and improvements, and, without notice to his vendor, by virtue of whose conveyance that possession was obtained, vest in himself a paramount title which such possession alone enabled him to acquire, and then recover aught but the money which he has been forced to expend for the protection of his possession and the perfecting of his title, and such other damages as may have been caused by the breach of warranty. *Frink* v. *Hoke,* 35 Or., 17 (56 Pac., 1093). Full compensation for the breach is the extent of the recovery authorized. This is the universal rule, which is not varied by the fact that the land to which the title failed belonged to the United States government. *Galloway* v. *Finley et al.,* 12 Pet., 262 (9 L. ed. [U. S.], 1079). Appellee is estopped by his conduct from claiming the entire purchase price. The amount of his damage is the sum of his rights. To allow him to recover more would be to work a fraud under the guise of law, and this cannot be countenanced.

*Reversed and remanded.*