# W. J. WADE AND D. J. WADE v. MRS. O. V. BARLOW.

[54 South. 662.]

1. WARRANTY DEED. *New promise. Consideration. Statute of limitations, Code* 1906, *section* 3115.

Code 1906, § 3115, provides that the completion of the period of limitation shall defeat the right and remedy, but the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon. Where a husband and wife made a warranty deed to land and six years thereafter, for the same consideration made another deed to the same party, reciting that it was given to correct a former deed, the six year statute of limitations against an action on the warranty commences to run from the date of the second deed, as the last deed is a new promise of warranty based on a former valid consideration.

2. BREACH OF WARRANTY. *Measure of damages.*

The measure of damages for a breach of warranty is the money which the vendee has been and will be forced to expend for the protection of his possession and the perfection of his title and such other damages as may have been covered by the breach of warranty and not necessarily the whole purchase price.

3. ACQUISITION OF OUTSTANDING TITLE.

It is a well established general rule that where the purchaser has been put in possession, he cannot afterwards acquire a title and set it up in opposition to the vendor. If he extinguish an incumbrance or buy in an outstanding title, all he can ask or require is the payment of the money he has so laid out.

4. SAME. *Privity of estate. Husband and wife.*

This rule is equally operative, whether the purchaser of the incumbrance is by the vendee or his wife. There is such an identity between them that what under such circumstances cannot be done by the husband cannot be done by the wife. The privity of estate between the vendor and vendee is what prevents the purchase.

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

99 Miss.—3

Suit by O. V. Barlow against D. J. Wade et al. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Shannon & Street,* for appellant.

Appellee is wholly without standing in court. She sues on the deed of 1909, but the proof shows there was no consideration for this deed. If she had sued on the deed of 1903, for which and when the consideration was paid, the suit would have shown on its face that it was barred. Could she on a suit based on the first deed have introduced in evidence the second deed as a new promise to pay? We do not think the proof sufficient to show that the title to the land was in the government, but if the title was in the government, the breach of warranty occurred at the time the first deed was made, and the consideration paid, to-wit: in 1903, and the statute of limitations began to run from the date of the first deed.

Counsel for appellee evidently realize this fact, and based the suit upon the deed of 1909, for which the testimony shows no consideration was paid. In the last analysis, this suit resolves itself into this: The first deed was made and the money was paid in 1903. If the land was government land, the six-year statute of limitations became operative at once, and six years would bar a recovery of the consideration. If the land was not government land appellee is not entitled to recover on a breach of warranty, because she does not show an eviction, so, on either hand of the case, appellee must lose.

*J. T. Taylor,* for appellant.

In this case appellees acquired substantial rights by the conveyance from appellants. She acquired the use and ownership of the improvements on the land. More than this, she obtained that possession which was indispensable to her husband's entry of the land from the

government as a homestead. These were valuable rights vested in appellants and which they could legally transfer and convey to their vendee.

The testimony shows that Henry H. Barlow, who is the husband of Mrs. O. V. Barlow, made homestead application for this land and received his receipt from the United States government on the 24th day of January, 1910, and therefore was living upon the land as a homesteader and that he has expended the sum of six dollars and nothing more in his efforts to secure title to said land.

One who finds that he has unwittingly attempted to purchase a tract of land, the title to which is in the United States government, need not wait on eviction, but may immediately abandon possession thereof and institute suit for the recovery of the purchase money paid. *Hoolloway* v. *Miller*, 84 Miss. page 776. It shows from the evidence that appellee has never abandoned possession of the land, but, on the other hand her husband has homesteaded the land and she, with him, is living upon it and taking advantage of their possession, which they acquired from appellants, and the improvements thereon.

Appellee is estopped by her conduct and that of her husband from claiming the entire purchase price. The amount of their damage is the sum of their rights. To allow them to recover more would be to work a fraud under the guise of law and should not be countenanced.

We would further submit that in view of the fact that Mrs. O. V. Barlow is the wife of Henry H. Barlow, they are one and the same person, so far as this transaction is concerned.

It is a well established general rule, that where a purchaser has been put in possession, he cannot afterwards acquire a title and set it up in opposition to the vendor; if he extinguishes an encumbrance, or buys in an outstanding title, all he can ask or require is the payment of the money he has so laid out. And this rule applies,

whether the purchaser of the encumbrance be by the vendee or his wife; there is such an identity between them, that what under such circumstances cannot be done by the husband, cannot be done by the wife; to permit the husband to homestead the land and then undertake to claim that they are separate and distinct people would be a mere evasion of the rule.

*Pack & Montgomery,* for appellee.

Counsel for appellants, in their fairness, practically concede that the only question to be decided by this court is whether or not this suit is barred by the statute of limitations.

We submit that there was no completed contract of warranty between the parties until the execution of this deed. Evidently the first deed was wholly void, or so erroneous as to fail to conform to the warranty that appellants desired to make. The appellant Wade testified that the purpose of this new deed was to make good their deed to appellee. Having received the purchase price they acknowledged themselves bound to make good their warranty, and accordingly executed this new deed.

Can a party sell land, get the purchase money, make a void or erroneous deed, wait six years, discover the error, and then make a warranty deed, reciting the same consideration, and then defeat a suit on a breach of warranty because the money was not paid simultaneously with the execution of the deed? Illustrating the same principle, suppose that A should buy a piece of land from B for ten thousand dollars and should pay in cash four thousand dollars, and the balance in six annual installments under contract to make a warranty deed upon payment of the last installment, and that after more than six years from the payment of the four thousand dollars, but before the statute had run against the deed, the title should fail and B should institute suit against A for the breach of warranty, what would be his meas-

ure of recovery? Would it be the ten thousand dollars recited as the consideration in the deed? Would the four thousand dollars be barred? Under appellant's contention the first payment would be barred, but we contend that the foundation of the suit would be the warranty expressed in the deed, and that if all the money had been paid, all of it could be recovered.

Our contention is that this new deed is a new promise of warranty, based upon a former valid consideration, and that it is such a promise as is specially provided for under section 3115 of the Code of 1906.

Appellants might as well contend that a note given in renewal of one barred by limitation, cannot be collected because not founded on a valid consideration, but this section comes to the relief of just such a situation. *Proctor* v. *Hart,* 72 Miss. 288.

Proof was abundant to show that the land was public land at the time of the execution of the deed sued on. See section 1957, Code 1906; *Hiwanee Lumber Co.* v. *McPhearson,* 49 So. 741; *Case* v. *Edgeworth,* 5 So. 783; *Lindsey* v. *Henderson,* 27 Miss. 508.

Title being in the government is was not necessary for plaintiff to show an eviction. *Pevy* v. *Jones,* 71 Miss. 647.

The doctrine announced in *Holloway* v. *Miller,* 84 Miss. 776, does not apply in this case for the reason that the grantee under the warranty did not homestead the land and her measure of recovery would not be limited by the rule laid down in the Holloway case.

Appellee having lost her land is entitled to her remedy on the breach of warranty, and we respectfully submit that this case should be affirmed.

McLAIN, C.

This is an appeal from the circuit court of the second judicial district of Jones county. By agreement, the

case was tried before the circuit judge; a jury being waived. The facts of this case are briefly these:

In 1903, W. J. Wade and his wife, D. J. Wade, for the consideration of one hundred and fifty dollars, executed and delivered a deed to a certain forty-acre tract of land to Mrs. O. V. Barlow. She and her husband, Henry H. Barlow, went into possesion of the land under this deed. In 1909, for the same consideration, appellants executed a warranty deed to the same land to Mrs. Barlow, reciting in the body of the deed that "this deed is given for the purpose of correcting a former deed given by W. J. Wade and wife." Just what is meant by the expression, "this deed is given for the purpose of correcting a former deed given by W. J. Wade and wife," is not absolutely clear from the record; but from this record it reasonably appears there was some rumor that the land in question was public land, but evidently appellants did not think so, as W. J. Wade testified that he and wife desired to make good the first deed, and in order to do so executed the second deed to Mrs. Barlow, containing a covenant of warranty. After the execution of the last deed, Henry H. Barlow, husband of Mrs. O. V. Barlow (appellee), discovered that it was public land, and he made homestead application for this land, and received his receipt from the United States government on the 24th day of January, 1910. The record upon the whole shows that the government had never parted with its title.

Mrs. O. V. Barlow, being convinced that the title to the land was in the United States government, instituted suit against appellants on a breach of warranty, and recovered judgment for the purchase price, one hundred and fifty dollars, with ten per cent. damages. The record shows that, while the second deed recited a consideration of one hundred and fifty dollars, yet as a matter of fact nothing was paid. The consideration of one hundred and fifty dollars was paid in 1903, when the first

deed was executed. More than six years having elapsed since the execution of the first deed up to the time of the institution of this suit, it is contended that this action is barred by the statute of limitations. We think this last deed is a new promise of warranty, based upon a former valid consideration. The former legal obligation is a sufficient consideration to uphold a new promise based thereon. Section 3115, Code 1906.

We think the court below committed error in giving judgment for the entire purchase price. The measure of damages, under the facts of this case, should be confined to the repayment of the money that the husband of Mrs. Barlow has expended and will necessarily have to expend in getting the title from the government. In other words, she cannot recover anything except the money which her husband, Henry H. Barlow, has been and will be forced to expend for the protection of his possession and the perfection of his title, and such other damages as may have been caused by the breach of warranty. Full compensation for the breach is the extent of the recovery authorized. This is the universal rule, which is not varied by the fact that the land to which the title failed belonged to the United States government. *Galloway* v. *Finley et al.*, 12 Pet. 264, 9 L. Ed. 1079; *Holloway* v. *Miller*, 84 Miss. 781, 36 South. 531.

But it may be said that Henry H. Barlow, her husband, and not Mrs. Barlow, his wife, secured the title from the government; that the breach of warranty was upon a deed executed to Mrs. Barlow, and that her husband, Henry H. Barlow, was in no way connected with this deed; and that the husband and wife are separate in property, and may as a rule invest their money or make contracts independent of each other. All this is true. But there is another principle of law, founded upon public policy, that will be invoked in certain transactions to which husband and wife are parties. To explain this, we will begin by stating a rule as laid down

by this court in the case of *Hardeman et al.* v. *Cowan,* 10 Smede & M. 501: "It is a well established general rule that, where the purchaser has been put in possession, he cannot afterwards acquire a title and set it up in opposition to the vendor. If he extinguish an incumbrance, or buy in an outstanding title, all he can ask or require is the payment of the money he has so laid out. This reason is equally operative, whether the purchase of the incumbrance be by the vendee or his wife. There is such an identity between them that what under such circumstances cannot be done by the husband cannot be done by the wife. The privity of estate between the vendor and the vendee is what prevents the purchase. The wife in some degree partakes of this relation. To permit her to purchase, when the husband is forbidden, would be a mere evasion of the rule."

In the case of *Robinson* v. *Lewis,* 68 Miss. 71, 8 South. 259, 10 L. R. A. 101, 24 Am. St. Rep. 254, the court said, speaking through Judge Cooper: "If the rule which prevents one spouse from securing a title where the other is disqualified rested only upon a supposed privity of estate between them, it might well be argued that our statutes upon the subject have destroyed its foundation. But the rule is founded upon considerations of public policy, and conclusively imputes to the one, as derived from the other, knowledge of those facts the existence of which precludes the other from action. The opportunities that would be afforded for fraudulent practices · would be so numerous, and the difficulty of exposing them so great, that courts apply the doctrine of estoppel to both, and thus close the door that offers the temptation." The principle here announced was again reaffirmed in the case of *Hamblet* v. *Harrison,* 80 Miss. 124, 31 South. 580, and also in *Beaman* v. *Beaman,* 90 Miss. 762, 44 South. 987. The facts in the above cited cases are somewhat different from the facts in the one under consideration, yet in our opinion the same principle is

involved. Under the facts of this case, we think Mrs. Barlow, the appellee, is estopped by her conduct and that of her husband from claiming the entire purchase price of this land.

As we have already announced, her measure of damages under the facts of this case, should be confined to the repayment of the money that her husband, Henry H. Barlow, has expended and will necessarily have to expend in getting the title from the United States government. Manifestly, if she had secured the title from the United States government, instead of her husband, this is àll she could have recovered on her suit for breach of warranty; and the fact that her husband obtained it gives her no greater claim for damages, when considered in the light of the principles of the law above stated. "To allow her to recover more would be to work a fraud under the guise of law, and this cannot be countenanced." *Holloway* v. *Miller,* 84 Miss. 781, 36 South. 533.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated by the commissioner, the case is reversed and remanded.