JACKSON NAVAL STORES COMPANY v. GEORGE W. TOOTLE.

[51 South. 801.]

SIXTEENTH SECTIONS. *Warranty. Breach. Unlawful sale of timber. Action. Assertion of paramount title unnecessary.*

It being unlawful for the lessee of a sixteenth section, public school land, to sell for commercial purposes the timber standing thereon, the warranty in a sale of such timber by the lessee is broken when made, and an action for the breach at once lies, without hostile assertion of the paramount title.

FROM the circuit court of Jackson county.

HON. WILLIAM H. HARDY, Judge.

The Naval Stores Company, appellant, was plaintiff in the court below; Tootle, appellee, was defendant there. The suit was for damages for the breach of warranty in a deed made by defendant to plaintiff, purporting to convey in fee the timber and timber like trees standing and growing upon a sixteenth section, public school lands, of which the defendant was the lessee, and by its terms the plaintiff grantee, was to cut and remove the timber before the expiration of the lease and in fifteen years from the date of the deed. The attempt was to sell the timber for commercial purposes. There was no assertion of the paramount title, but the plaintiff, being advised that it acquired no right to cut and remove the timber for commercial purposes, demanded of defendant a return of the purchase money and, the demand being refused, began this suit. Defendant's demurrer to plaintiff's declaration was sustained, the suit was dismissed and plaintiff appealed to the supreme court.

*L. H. Doty,* for appellant.

In *Green v. Irving,* 54 Miss. 450, 28 Am. Rep. 360, this court says: "A grant of land by the state, while holding the

paramount title, is such hostile assertion of such title as justifies persons in possession under defective titles in treating it as an eviction, abandoning possession, and suing their covenantors." The same principle is laid down in *Dyer v. Britton,* 53 Miss. 270.

It is not necessary that an eviction be had through the courts to enable a suit on covenant. In *Pevey v. Jones,* 71 Miss. 647, 16 South. 252, this court says:

"A vendor, upon receipt of the price of the land belonging to the United States, wrongfully conveyed by him, becomes at once liable to his vendee for money received to his use."

The same rule applies where the title is vested in the state holding as trustee the lands belonging to the public schools.

The minute Tootle executed the deed to land which belonged to the state, as trustee for the public schools, the covenant was broken, and he was liable to the vendee for the full sum paid for said land, with legal interest.

In *Copeland v. McAdory* (Ala.), 13 South. 545, it was held that "A declaration for breach of covenant of good right to convey or of seisin need not refer to an outstanding title, nor aver an eviction or ouster, but it is sufficient to negative the words of the covenant generally."

"In an action for breach of covenant or warranty, it is not necessary to show an eviction by legal process, but it is sufficient to show by preponderance of evidence that plaintiff yielded to a hostile assertion of an irresistible paramount title." These facts are admitted as true by the demurrer.

"Knowledge on the part of the grantee in a deed of incumbrance on the property or of a paramount title does not impair his right of recovery for breach of the covenant of warranty."

In the case of *McGary v. Hastings,* 39 Cal. 360, 2 Am. Rep. 456, the court says: "It is not necessary that there should be an actual eviction by process of law to constitute a breach of covenant of title and quiet enjoyment. Such covenant is broken whenever there has been an involuntary loss of possession by rea-

son of the hostile assertion of an irresistible paramount title, whether that title be established by a judgment or not."

It certainly cannot be said by the appellee that the title of the state is not of an irresistible and paramount character. The declaration avers that the title to the land and the timber was in the state at the time of the making of the deed by the appellee, and the title of the state, as trustee, cannot be divested, and it was not necessary for the appellant to attempt to take possession of the land or the timber standing thereon. The question as to the title of sixteenth sections being in the state for the benefit and use of the public schools has been fully determined by this court in the case of the *Moss Point Lumber Co. v. Harrison County*, 89 Miss. 448, 42 South. 290, 873.

There is nothing charged in the declaration that is against public policy. In order to make the contract between these parties void it must be condemned by the statute, and so grossly immoral as to amount to turpitude.

Conceding that both the appellee and the appellant knew that there was an adverse claim to the property, and that there was no fraud practiced by either party, still the deed would be valid as between the parties, and the appellee would not be relieved from the liability to make good his covenant as to his title.

There is no statute in our state to make it a crime for a vendor to sell land not his own, nor a vendee to cut timber off of land not his own, where there is a color of title, and in this case, Tootle did have a color of title. The transaction between appellant and appellee was a *bona fide* transaction; a transaction following right in the footsteps of hundreds of like character which were being made every day, and when everybody understood and believed it to be the law that a lessee of sixteenth section land had a perfect right to cut and remove the timber therefrom; and it was not until the opinion was rendered in the case of *Moss Point Lumber Co. v. Harrison County*, 89 Miss. 448, 42 South. 290, 873, that it was found to be a violation of the

law to cut and remove timber standing and growing on sixteenth
sections.

*Denny & Denny,* for appellee.

Appellant is bound by the allegations contained in its declara-
tion, and nothing favorable to plaintiff is to be assumed, or pre-
sumed, beyond the language of its pleading.   In the declaration
it is alleged that the land and timber in controversy was of such
character that it could not be sold absolutely when so undertaken
by Tootle, and for that reason plaintiff had not and could not
enter into possession thereof.   There is not the slightest inti-
mation that appellant did not know, at the date of its purchase,
that such fact existed, nor is there anything in the declaration
on which to base a supposition that appellant had been disturbed,
in any manner, in the possession and enjoyment of the title to
whatever it purchased under said deed from appellee.   It is a
matter of common knowledge that a title, in fee simple, to six-
teenth sections, and the timber thereon cannot be obtained.   The
law governing the title to such sections, and the timber thereon,
has always prohibited the placing of such title out of the
state, in any other body or person.   Only the leasehold thereof
can be conveyed by the state, and nothing else but conveyance of
the leasehold has even been attempted.   Such was all that ap-
pellee had, and all that he could or did, convey, and all that the
appellant purchased, and there is no allegation that it has been
evicted, or disturbed, therein.   Appellant knew the law govern-
ing such matters when it purchased, or entered into the alleged
transaction concerning said timber with the VanCleve Turpen-
tine Company; knew that Tootle did not own in fee simple the
land or timber, and that appellee did and could only convey
his leasehold right and claim to the timber thereon.   Appellant
is now, and has been since the date of its alleged purchase, in so
far as is shown by the declaration, in the quiet possession of all
that appellee conveyed or could convey, viz.: the leasehold, and

possession as lessee, of the timber on the sixteenth section of land.

"There is no remedy where vendee purchases with notice of defect or lack of title in vendor." *Bird v. McLaurin,* 4 Smed. & M. 50; *Harris v. Bolton,* 7 How. (Miss.) 167; *Natchez v. Minor,* 5 Smed. & M. 544.

The covenantee by deed, with general warranty, may yield to an outstanding paramount title when called upon, without waiting to be sued, but cannot, without assertion of such title, abandon and demand a return of the purchase money.

"It may be laid down as a rule without exception that, to authorize a suit by the covenantee against the covenantor for breach of a general warranty of title, there must have been some hostile assertion brought in. And this rule applies to the state as well as to persons. *Green v. Irving,* 54 Miss. 451; *Dyer v. Britton,* 53 Miss. 270; *Kirkpatrick v. Miller,* 50 Miss. 521; *White v. Prestley,* 54 Miss. 313; *Aird v. Alexander,* 72 Miss. 358.

Without hostile assertion of the title paramount, the covenantee by deed with general warranty may maintain *assumpsit* for the purchase money, but cannot sue in covenant on the warranty. This was so held in *Green v. Irving,* 54 Miss. 450; *Dyer v. Britton,* 53 Miss. 270, and in *Kirkpatrick v. Miller,* 50 Miss. 521.

It is true, as urged by appellant, that in the case of *Pevey v. Jones,* 71 Miss. 647, and other decisions, it is held that a warranty in a conveyance of lands belonging to the United States is broken the instant it is made, and a right of action on it then accrues and can be pursued without eviction. But, if the vendee in such cases, as in the case at bar, knew at the time of such purchase, that the title was in the government and could not be conveyed out of the government, and, notwithstanding such knowledge, he purchased for the purpose of using the land, or timber, for unlawful purposes, he would then be denied a recovery. *Holloway v. Miller,* 84 Miss. 776.

In this case, however, it is not a question of title in the state. Neither is it a question of title to land. It is simply a question of title to the leasehold, and whether or not the vendee has been evicted.

MAYES, J., delivered the opinion of the court.

The timber sold by Tootle was timber located on sixteenth section land, and under the cases of *Warren County v. Gans,* 80 Miss. 76, 31 South. 539, and *Moss Point Lumber Co. v. Harrison County,* 89 Miss. 448, 42 South. 290, 873, this court has held that it was unlawful for any lessee of sixteenth section land to sell the timber standing thereon for any commercial purpose. Under these decisions the sale of this timber by Tootle was a nullity, and there was a breach of the warranty made by him at the very instant it was made.

Under the facts shown in the declaration, and as the law now stands in this state, we can see no reason for differentiating this case from the case of *Pevey v. Jones,* in 71 Miss. 647, 16 South. 252, 42 Am. St. Rep. 486. In the above case it was held that, where a conveyance with warranty was made by any person of lands belonging to the United States, the covenant of warranty was broken the instant it was made, and a right of action accrued the instant of the conveyance. The court assigned as the reason for so holding that "the United States are always seised of their lands, and cannot be disseised as private owners may be; that land belonging to the United States cannot lawfully be the subject of sale and conveyance by individuals, so as to confer any right; that a grantee of such lands by another than the United States cannot take possession without becoming a wrongdoer, and liable to summary ejection, and, therefore, that a covenant of warranty, in a conveyance of land belonging to the United States, must be viewed differently from one where the ownership is by a private person; that the grantee is not required to take possession, or attempt to get it; and that a right of action immediately accrues to recover for a

breach of the warranty, not dependent on any future event, but fixed by the fact of ownership of the land by the government."

We are unable to perceive any reason why the reasoning of this case is not just as applicable to the state as to the United States. It is quite true that in the case of *Green v. Irving,* 54 Miss. 450, 28 Am. Rep. 360, this court said that "a covenantee can no more maintain a suit against his covenantor, where he has abandoned in deference to a paramount title residing in the state, which has not been hostilely asserted, than where the owner of the true title is a private individual;" but an inspection of that case shows that the decision was rendered at a time when the statute of limitations ran against the state, and it was possible for the covenantee to acquire a perfect title, as against even the claim of the state, by mere occupancy and lapse of time, just as the covenantee might acquire title in the same way against an individual. So long as a covenantee remains in undisturbed possession under a title which may mature into a perfect title, there can be said to be no breach of warranty until the hostile claim is asserted; but this cannot be said of a title resting in the state which never can ripen into perfect title.

Under the law as it now stands, no limitation runs against the state. Therefore the predicate of the decision in the case of *Green v. Irving* is taken away, and the state is in exactly the same attitude as the United States. If the Naval Stores Company should undertake to cut any of the timber conveyed by this deed, the person cutting or using this timber would be liable to prosecution under section 1378, Code 1906, besides being liable to severe penalties under sections 4803 and 4986.

The demurrer should have been overruled, and because it was not, the judgment is reversed and the cause remanded.

*Reversed.*