SOUTHERN PLANTATIONS Co. *v.* KENNEDY HEADING Co.

[61 South. 166.]

1. APPEAL AND ERROR. *Questions of fact. Conflicting evidence. Corporations. Validity of Conveyance. Absence of corporate seal. Logs and logging. Conveyance of standing timber. Warranties. School lands. Statutes. Outstanding title. Code 1906, section 4702.*

   The findings of fact by a chancellor, where the evidence is conflicting, are not subject to revision by the supreme court on appeal.

2. CORPORATIONS. *Validity of deed. Absence of corporate seal.*

   A deed by a corporation to which the corporate seal has not been affixed may be inoperative at law, but will be enforced in a court of equity.

3. CONVEYANCE. *Warranties. Logs and logging.*

   Where the warranty in a deed to standing timber, in express terms, covers all the timber on a certain described tract of land, it cannot be restricted by implication because of recitals in other portions of the deed, unless the intention so to do is expressed in clear and unambiguous language, and the fact that the deed on its face shows that the grantor's title is defective is immaterial in so far as the grantee's right to recover for a breach of warranty is concerned.

4. SAME.

   Simply because a deed described the land as sixteenth section land, it did not thereby disclose that the grantor had not the right to dispose of the timber for commercial purposes, since under Code 1906, section 4702, such a right could have been lawfully acquired.

5. CORPORATIONS.   *Conveyance of standing timber.   Warranty.*

    A warranty in a deed by a corporation that it had the right to sell the timber for commercial purposes on sixteenth section land, and that in the event it had not such right, to acquire it for the benefit of the grantee when called on so to do and in default thereof to refund the purchase money therefor, is not void for the reason that it is an agreement to protect the grantee in doing an illegal act, since such right may be acquired under section 4702 of the Code of 1906.

6. COVENANT OF WARRANTY.   *Performance by purchase of outstanding title.*

    While it is true that if prior to eviction a grantor of land, with covenant of warranty, purchases an outstanding title, it inures to the benefit of the grantee and operates as a discharge of the warranty; yet where the purchase of a paramount title is made by the grantor after eviction of the grantee, or after suit began, when the grantee has the right of instituting a suit without actual eviction, he cannot compel the grantee to accept such after acquired title in satisfaction of the covenant of warranty, or in mitigation of damages for the breach thereof.

APPEAL from the chancery court of Yazoo county.

HON. G. G. LYELL, Chancellor.

Suit by the Kennedy Heading Company against the Southern Plantations Company. From a decree for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Barbour & Henry,* for appellant.

Our associate, Judge HARPER, having covered the question of whether or not the general warranty in the deed covered the land in question in the sixteenth section, or whether or not the warranty was restricted to other lands than the sixteenth section, we will have very little to say on that subject. We wish to say, however, that the deed on its face shows that the land in this sixteenth section is public school land, the lease to which did not expire until the year therein named. This shows upon its face an intention of parties to restrict the warranty to the lands conveyed.

It would have been useless to have referred to the land which was described by the government description of the sixteenth section as being public school land, the lease to which expired at the time named, unless there was some purpose or some intention in the minds of the parties at that time. The court will also recall that this deed was executed shortly after the last decision in the sixteenth section cases, after there had been a change in the bench, and when the suggestion or error was sustained, Judge MAYES having succeeded Judge TRULY on the bench.

We wish to call the court's attention to the case of *Hull* v. *Hull,* 29 Am. St. Rep. 808, where it is held that where a grantor conveys his right, title and interest, though it contains in general terms a covenant of general warranty, the covenant is regarded as a restrictive one, and limited to the estate therein conveyed, and not one defending generally the land described. A covenant of warranty is intended to defend only what is conveyed, and would not enlarge the estate conveyed. Waits on Actions and Defenses, 371; 3 Washburn on Real Property, 655; Rawle on Covenants, 420; *Sweet* v. *Brown,* 45 Am. Dec. 243; *Allen* v. *Holton,* 20 Pick. 458; *Ballard* v. *Child,* 46 Maine, 152; *McNear* v. *McComber,* 18 Iowa, 12; *Kimball* v. *Semple,* 25 Cal. 452; *Blanchard* v. *Brooks,* 12 Pick. 47; *Adams* v. *Poss,* 52 Am. Dec. 237.

In the case of *Hull* v. *Hull* above referred to, the grantors conveyed their interest only, as it was held by the court, as the land was in dispute, and another party seemed to have a superior title. The court held that the warranty was restricted to the title or interest which the grantor had therein.

So we contend in this case that the deed upon its face showing that the party only owned the sixteenth section with a leasehold therein, that the time of the termination of the lease was especially mentioned, and with hundreds of other acres of land being conveyed, that the court has held that the warranty is restricted to the land owned

in fee simple, and only to warrant the leasehold interest to the sixteenth section. This carries with it only such rights as the grantors had, which were to cut the timber for certain farming and other purposes well established by the authorities of this court, and not to sell the timber or cut it for merchantable purposes.

In our judgment the chancellor erred in holding that the after-acquired title of the appellant here did not inure, to the benefit of the appellees, or complainants below, and that the plea was not a good one and not a bar to a recovery in this action of more than nominal damages.

It is our contention, and we shall hereinafter cite authorities to sustain that contention, that this title after acquired, even though it was four years after the execution of the original conveyance, and three years before the expiration of the time named therein, inured to the benefit of the complainant, and was a complete bar to his recovery of anything except such special damage as he sustained because of the breach of the warranty. We contend that the only damage, after a good title had been given, was interest on the purchase money, and this had been tendered.

It is our contention that the after-acquired title of the defendant, the warrant here from the board of supervisors of Yazoo county, can be pleaded in mitigation of damages, and this contention is supported by the great weight of authority.

The Supreme Court of Alabama in the case of *Sayre* v. *Sheffield Land Co.* 18 So. 101, held that action for breach of warranty, where it appeared that when the deed was made the defendant had no title, but acquired title thereafter, that the complainant could only recover nominal damages, as the title acquired by the defendant inured to the plaintiff's benefit.

In the case of *King* v. *Gillson*, 83 Am. Dec. 269, the supreme court of Illinois held that only nominal damages could be recovered for the breach of covenant of seizin

where the grantor acquired title after the suit was brought. The distinction seems to be that the after-acquired title can be pleaded in mitigation of damages at any time up to the assessment of damages by the court. The supreme court of Pennsylvania, in the case of *Brown* v. *McCormick,* 31 Am. Dec. 450, holds to the same effect. In the case of *Baxter* v. *Bradbury,* 20 Maine, 260, 37 Am. Dec. 49, the supreme court of Maine holds that in an action for the breach of covenant of seizin, the defendant may bring in evidence deeds to himself subsequent to his deeds to the plaintiff, and defeat the action, as these deeds inure to the benefit of the plaintiff by virtue of the general covenant of warranty contained in the deed, and that the grantee cannot elect to recover damages or accept the title, and that only nominal damages could be recovered. In this case, the title was acquired by the grantor after the suit was brought, and while it was pending.

Where a grantor who conveys with the covenant of warranty subsequently acquired an outstanding title, such title inures to the benefit of his grantor, and the latter can recover nothing more than the nominal damages on account of the breach of covenant. This is held by the Supreme Court of Michigan in the case of *Pfirman* v. *Wattles,* 49 N. W. 40. In Ballard on Real Property, vol. 4, par. 102, the rule is stated as above, and the authorities above cited are commented on with approval in numerous cased in support of the text as stated.

See Cyc. 11, par. 1159, where it is stated that where the grantor acquired title even after the grantee has commenced his action for the breach of warrant, and if it is before damages are assessed, the after-acquired title can be relied upon in bar of the action, but in mitigation of the damages.

The only authority cited by the counsel for the appellee as opposed to the view above is 2 Cyc. 1137.

The only other authority sustaining this cited by counsel for the appellee is Tiffany on the Law of Real Pro-

perty, and Washburn on Real Property, as set out in his brief: "After the vendee, under a warranty title, has been evicted or abandoned his defense to the outstanding title, and has brought suit for a breach of warranty, it is too late for the vendor to attempt to cure the breach by a purchase of the outstanding title."

We respectfully submit that on this last proposition the court was clearly in error, and that the case should be reversed and remanded, so that a decree can be rendered in the court below for actual damage, to-wit, the interest. Or if the complainant below can show that any actual damage was sustained, that proof be taken and a decree rendered for such actual damages as the proof shows he is entitled to recover.

*McLaurin, Armistead & Brien* and *W. R. Harper,* for appellant.

Appellant contends, in the first place, that the deed executed by its shows, on its face, that there was no intention to broadly warrant the timber on this sixteenth section land as in case of a fee simple title. The court will note that this deed describes this as timber on sixteenth section land, and then carefully proceeds to set out the further facts, that it is school land, and that appellant holds merely a leasehold thereon, and that the same will expire in 1954. Thus the deed then and there disclosed all the facts which show that appellant had no right to convey any timber thereon, and the appellee must have known and so understood it. Therefore this description of the land as a leasehold was certainly intended to be a limitation on the general warranty, which applies only to all the other lands described in the deed, and this setting out of the character of the title was intended to be a limitation, written in the body of the deed, on the general warranty of the lands. If other words, appellant contends that the warranty of the timber on this sixteenth section was only intended to be a warranty of the leasehold, as

described and set out, with the rights and incidents that attach to the owner of such a leasehold, and no more. It is clear that both parties to this transaction were chargeable with full knowledge of the law in relation to the sale of timber on public leasehold lands, and when the grantor goes to the trouble in his deed to fully set out his limited title, it will be presumed that he did not intend to convey and warrant greater rights than the deed purports to convey. With this deed before the grantee, appellee could then and there note exactly what it was buying and getting, and must be charged with knowing the extent of the grantor's rights in reference to such leasehold lands.

The court will bear in mind that this leasehold land was only a small part of the large tract of land that was being sold and will apply the words of general warranty in the deed to those lands which were being conveyed in fee simple, and will not extend it to this small body, which was expressly stated to be a leasehold and school land.

Appellant contends, in the second place, that the deed was void, because the parties were undertaking to contract with an unlawful purpose about an illegal object. Both parties to this transaction, as the face of the deed itself shows, were charged with full knowledge that the grantor had no right to convey, and the grantee had no right to buy the timber on leasehold sixteenth section school land, as disclosed by the face of the deed itself.

Appellee is charged with knowledge of the fact, that the law makes it a misdemeanor for anyone to purchase and cut timber from such land, the same being public land, especially when the deed itself discloses that is leasehold and school land. A presumption would arise, even in a criminal proceeding, that the grantee had full knowledge of the fact that he was purchasing property that the grantor had no right to sell, the same being school property. Under such conditions, the purchase would be illegal, and the cutting of the timber thereunder would be a misdemeanor. Therefore, appellant says

that this, being a contract with an unlawful purpose, and in and about an illegal object, is void in law and that a suit which rests upon a breach of a supposed warranty is a void contract and cannot be maintained.

We are not now arguing whether a suit to recover the purchase money could be maintained, but we do insist that a suit for a breach of warranty of an illegal contract, where both of the parties are *in pari delicto* cannot be maintained. *Wilson* v. *Hopkins,* 88 Miss. 183.

Appellant further contends that the deed, being a deed of a corporation, is legally void, because it contains no seal. Unless this be so held, the statute of our state requiring a seal to a deed in the case of a corporation, is absolutely abrogated.

In the recent case of *Littelle* v. *Creek Lumber Co.,* MS. Opinion, this court so held, and it is perfectly clear that the remedy of damages for a breach of warranty can no more be maintained than an action of ejectment on such a deed. Now, we are aware that this court has held, as have other courts, that a deed without a seal conveys an equitable title. That is all that has ever been held. But admitting that to be true, it does not make the deed of such legal validity that a suit for a breach of a warranty therein may be maintained thereon, for this would be to give legal effect to the deed as a legal contract. The equity in such a case is solely and only to require the corporation to execute a good deed, not to give full legal force and effect to an illegal and defective instrument.

Appellee has sought to defeat our right to tender a good title to the timber therein conveyed, by every sort of technical objection. It has urged, with effect, in order to defeat such tender, the highly technical rule that a breach of warranty, where public lands are sold, occurs immediately on its execution, and without eviction. It has insisted, with effect before the chancellor, that it is too late to tender a good title after suit has been brought for a supposed breach of warranty. It has insisted, too, that

it is too late to make a good title after damages, removal, or eviction has been suffered under a warranty. Thus appellee has based all of its rights to defeat our efforts to give it a good title, upon the contention that appellant has breached a legal warranty, and has at no time rested its rights upon its equities.

I have carefully examined the numerous citations made by appellee, and I do not find a single case which militates against the views here urged. I have refrained from a detailed review of each separate authority cited, as being unnecessary. The only case that seems to touch the case at bar is the case of *Naval Stores* v. *Tootles,* in 98 Miss.——but the court will observe that the deed therein did not disclose the facts, and was in all respects, so far as the record shows, perfectly legal and valid, and no equities were involved, while the case at bar must be decided upon equitable and not legal principles.

*Green & Green,* for appellant.

Does the warranty cover the timber on the sixteenth section land? Answer: No. *Riley* v. *Vanhouten,* 4 How. 428; *Merrill* v. *Melchoir,* 30 Miss. 516; *Wilkins* v. *Riley,* 47 Miss. 306; *Orrell* v. *Bay Mfg. Co.,* 87 Miss. 632; *Dillingham* v. *Jenkins,* 7 S. & M. 479; *Montgomery* v. *Dillingham,* 3 S. & M. 647; *Jefferson Davis County* v. *Lumber Co.,* 94 Miss. 536; *Warren County* v. *Gans,* 80 Miss. 76, 31 So. 539; *Lumber Co.* v. *Harrison County,* 89 Miss. 526, 42 So. 290; *Houston* v. *Building & Loan Ass'n,* 80 Miss. 274; *Fink* v. *Henderson,* 74 Miss. 8; *Hart* v. *Gardner,* 74 Miss. 153; *Hall* v. *Eastman,* 89 Miss. 588.

Wherefore, the answer here given to question 1 is correct.

Question 2-A. Is the cutting of timber for commercial purposes by the lessee of sixteenth section land a crime? Answer: Yes, under limitations to be noted.

The rule as to waste has been clearly defined in the *Gans* and in the *Moss Point cases, supra,* we come to a

construction of the several statutes bearing upon this subject.

1. Section 211 of the Constitution provides: "The legislature shall enact such laws as may be necessary to ascertain the true condition of the title to the sixteenth section lands in this state, or land granted in lieu thereof, in the Choctaw purchase, and shall provide that the sixteenth section lands reserved for the support of township schools shall not be sold, nor shall they be leased for a longer term than ten years for a gross sum; but the legislature may provide for the lease of any of said lands for a term not exceeding twenty-five years for a ground rental payable annually; and, in case of uncleared lands, may lease them for such short term as may be deemed proper in consideration of the improvement thereof, with right thereafter to lease for a term or to hold on payment of ground rent."

Section 1378 of the Code provides: "If any person shall be guilty of cutting or rafting any cypress, pine, oak, gum, hickory, pecan, walnut, mulberry, poplar, cottonwood, sassafras, or ash trees or timber upon any lands belonging to this state, or held in trust by this state, such persons shall be liable to indictment, and, on conviction, shall be imprisoned in the county jail not exceeding six months, or be fined in a sum of not less than one hundred dollars, nor more than one thousand dollars, or both."

Cutting by the vendee of the timber, not being the assignee of the lease, was held to violate this section. *Jackson Naval Stores* v. *Tootles,* 51 So. 486.

This court had held that the lessee had no right to cut for commercial use. That holding had been in force, we might say, since 1846, and with the full knowledge that such was the law, certainly since *Warren Co.* v. *Gans* was decided in 1902.

Note in this connection, the verbiage of the court in *Warren County* v. *Gans,* 80 Miss:——"When the timber is cut by the tenant, or others, unnecessarily or unlaw-

fully, the right of the reversioner or a remainderman at once attaches, and he may bring an action on the case in the nature of waste for damages, or he may bring trover or replevin for the timber severed from the inheritance.'' This language was adopted in *Lumber Company* v. *Harrison County,* 89 Miss. 522. *Jefferson Davis County* v. *Long,* 94 Miss. 543.

Hence this question must be answered: ''Yes.''

Question: ''It not, does such cutting of such timber for such purposes, constitute a civil wrong against the state or county? Answer: ''Yes.''

We respectfully submit that in answer to II-A we have necessarily answered II-B. *Jackson Naval Stores Co.* v. *Tootle, supra.*

Question: ''Should the first question, and either one of the second be answered in the affirmative, is the warranty insofar as it affects the timber on the sixteenth section land illegal, and, therefore, void?'' Answer: In our judgment, answering all three of the prior questions in the affirmative, no recovery can be had here on this warranty, because:

1. Appellee admits cutting a part of this timber with full knowledge, constructive, at least, of the decisions of this court, and gambling upon the circuit court of appeals' overruling the solemn adjudication of this tribunal, having lost thereunder, we submit no complaint will be heard. Appellee, as demonstrated, knew the law. It hoped, perhaps, that the law would be modified, and that that which was illegal when the contract was made, would become valid by a decision in another tribunal. Such results were not realized, and, therefore, under the uniform practice of the courts of justice, no one will be allowed to predicate a right of action upon an unlawful agreement, partially consummated, and this, if we adopt appellee's contention, and hold that there was a general warranty of title to the timber with the full right thereunder to enter and cut. The logic of the situation is unescapable. If the

contract is illegal, citation of authorities, to the effect
that one who has done iniquity will not be heard in equity,
is superfluous.

2.   What right did the appellee acquire?   When ap-
pellee received this conveyance, thereby there were vested
in appellee all such rights as the appellant, lessee of the
sixteenth, had.   The first vested was the enjoyment of
the leasehold estate in the land itself; the right of posses-
sion, and to receive its rents, issues and profits.

Next, as to the timber:   Under the Code, section 4702,
appellant had, as held in *Dantzler* v. *State, supra,* the
right to purchase from the board of supervisors the mer-
chantable timber standing upon this land, and thereby
acquire an absolute estate in fee in the timber; and, in
addition to the right to purchase this merchantable tim-
ber, under *Jefferson Davis County* v. *Lumber Co.,* 94
Miss. 570, there existed the right in the vendee to clear
this land in such manner during said seven years as would
be approved by a prudent owner in fee, exercising good
husbandry.   In addition, there vested all the assignable
rights to estovers, so that we come, therefore, to the
analysis of the transferable rights existing in a lessee of
sixteenth section timber, and as to them, we submit that
they are:   (1)   The enjoyment of the leasehold estate in
the land; (2) the right to acquire the fee simple title to
the timber by purchase of the remainder of the estate
from the board of supervisors; (3) the exclusive right
when, in the course of proper husbandry, it is essential,
to clear, to use and sell such timber as may be cut in so
doing; and (4) the right of estovers.

By section 2762, the common law, in its feudal strict-
ness, is absolutely abrogated, and thereunder it becomes
possible to sell any interest in or claim to land.   The ex-
tent of this enabling statute whereby all prior learning
was set aside, and what might be called an innovation
was wrought, is that any interest in or any claim to six-

teenth section timber, that being land, might be sold. And, in this connection, we draw particular attention to *Dantzler* v. *State, supra; Casedy* v. *Jackson, supra; Fink* v. *Henderson, supra; Houston* v. *Association, supra.*

*Jackson Naval Stores Co.* v. *Tootles,* 51 So. 802; *McInnis* v. *Pickett,* 65 Miss. 354; *Bramlett* v. *Roberts,* 68 Miss. 325; *Edwards* v. *Hillier,* 70 Miss. 807; *Kaiser* v. *Earhart,* 64 Miss. 492; *McInnis* v. *Pickett,* 65 Miss. 354; *Bramlett* v. *Roberts,* 68 Miss. 325.

We have examined all of the cases cited by appellee and, in addition to the most accurate distinction made of each of these authorities by our associates, we add this: There is not a case cited where the vendee has received and still retains a considerable portion of the property conveyed, and where the eviction relied on is constructive, that is, by the mere existence of paramaunt title, without ouster, where the right to reduce damages would be denied to a vendor, especially where the only way so to do was to purchase the outstanding title under a statute which was challenged as unconstitutional, and had been so held by the chancellor, and which was not approved by this court until July 19, 1910, when the purchase was made at the August meeting, 1910. In the light of the sixteenth section litigation in this state, what more could appellant have done? The right of a lessee of a sixteenth section to purchase the entire interest in the timber was disputed and in litigation on the ground that the statute authorizing it was unconstitutional. When the right to protect his warranty by a purchase from the board of supervisors was judicially declared, appellant purchased this outtsanding title, and it inured to his assignee. See also *Wade* v. *Barlow,* 51 So. 662; *Allen* v. *Miller,* 54 So. 731.

*St. John Waddell,* for appellee.

This cause was remanded to the docket for rehearing by brief and argument on the following points:

First. Does the warranty in the timber deed cover the timber on the sixteenth section?

Second. Is the cutting of timber for commercial purposes by a lessee on the 16th section land a crime; if not, does such cutting of such timber for such purposes constitute a civil wrong against the state or county?

Third. Should the first or either one of the second questions be answered in the affirmative, then is the warranty in so far as it affects the timber on the 16th section land illegal and therefore void.

I will discuss the three above stated propositions in the order in which they are stated.

First: Does the warranty in the timber deed cover the timber on the sixteenth section?

The timber deed is in the statutory form of a warranty deed prescribed by the statutes of Mississippi, and we assume that all controversy over the question as to the word "warrant" being properly in the deed, was settled in the affirmative by the chancellor as a matter of fact, and that there is no further controversy in this case over the same, and we will discuss the above propositions as if there had been no dispute heretofore in reference thereto.

By reference to the timber deed and by eliminating therefrom all reference to other lands and timber, it will be found to consist of a coneyance by appellant to appellee in words as follows:

"Do hereby convey and sell and warrant to the Kennedy Heading Company, a corporation duly chartered and existing under the laws of the state of Arkansas, having its main office at Memphis, Tennessee, engaged in the business of purchasing timber and manufacture of heading, all of the merchantable timber of every kind and description now standing on the following described lands, situated and lying in the county of Yazoo, state of Mississippi, in township 12, north of base line, and range 4 west of Choctaw meridian, more particularly described as follows, to wit: All of section 16 except one hundred

and ninety-eight acres thereof which constitute a part of the Grand Oak plantation, which Grand Oak plantation lies south and west of the old Florida plantation line; this land hereby conveyed in said section 16 being public school land to which the lease expires May 27, 1854; . . . It is further agreed between the parties hereto that the purchaser shall have seven years time from the date of this deed in which to remove the timber herein purchased, after which time what timber may remain upon said lands shall revert to the vendor by said purchaser.

"Given under our hands this the 13th day of December, 1906."

Under section 2817 of the Code of 1906, the word "warrant" without restrictive words in a conveyance has the effect of embracing all of the five covenants at common law, to wit, seizin, power to sell, freedom from encumbrance, quiet enjoyment, and warranty of title. See Code 1906, sec. 2817.

This court has heretofore held the word "warrant" in a deed constitutes a warranty of possession as well as of title, and that the written deed takes the place of livery of seizin as known to the common law, and that the word "warrant" embraces the covenant of seizin as well as of title, and that it makes the deed a deed in fee. See *Allen v. Caffee*, 85 Miss. 766.

We call this court's attention to the fact that the conveying clause in the deed is separate and distinct from the descriptive clause of the subject-matter of the deed, the conveying clause being, "do hereby convey and sell and warrant all the merchantable timber of every kind and description now standing on the following described lands. . . . more particularly described as follows, to wit," and then follows a description of all of section 16 except that part of it belonging to the Grand Oak plantation, and that the portion of said section 16 conveyed is public school lands to which the lease expired May 27,

104 Miss. 10

1954.   Whatever else may be said of the deed it is clear
that   the grantor conveyed and expressly warranted
the timber   on   the   sixteenth section. *Dunbar* et al.
v. *Aldrich,* 31 So. 341; 2 Ballard on Real Property, Sec.
83; *Shaw* v. *Bisbee,* 84 Me. 400, 22 Atl. 361; *Foote* v.
*Clark,* 14 S. W. 981; 2 Devlin on Real Estate, Sec. 897, 8
Am. & Eng. Ency. Law, 86, 87, and authorities cited; also
11 Cyc. 1066; 14 Cent. Digest, Sec. 39 p. 74.

We respectfully submit that by the express terms of
the timber deed, the timber on the sixteenth section was
conveyed in fee under an express warranty of seizin and
right to convey, and that there was no modification by
implication or otherwise, of these covenants in the deed.

Second:  Is the cutting of the timber for commercial
purposes by the lessee of a sixteenth section a crime; if
not, does such cutting of such timber for such purposes
constitute a civil wrong against the state or county?

In answer to the first clause of this proposition we say
that it was not a crime for the lessee of a sixteenth sec-
tion to cut timber therefrom for commercial purposes;
and as to the second clause of the proposition we say, that
such cutting for such purposes was an act of waste in the
nature of a civil wrong against the remainderman, the
State, and for which the lessee would be liable in dam-
ages to the board of supervisors of the county, who suc-
ceeded the trustees of the township, as trustees of the
sixteenth section, for the value of the timber cut. *Warren
County* v. *Gans,* 80 Miss. 76; *Moss Point Lbr. Co.* v. *Har-
rison County,* 89 Miss. 448, 89 Miss. Reo. Quotation from
p. 507; *Moss Point L. Co.* v. *Harrison County,* 89 Miss.
448.

These authorities show conclusively that a sale by a
lessee of a sixtenth section, of the merchantable timber
standing thereon for commercial purposes, is a nullity
and passes no title to the vendee, and that the trustees of
the township are not divested of their title by the sale,
and that replevin would lie for the trees cut.

Third:  Is the warranty so far as it affects the timber on the sixtenth section of land illegal and void?

We answer this proposition in the negative under the repeated decisions of this court.  *Peevy* v. *Jones,* 71 Miss. 647; *Jackson Naval Stores Co.* v. *Tootle,* 96 Miss. 486. See concurring opinion of Judge WHITFIELD in *Moss Point Lbr. Co.* v. *Harrison County,* 89 Miss. 559; *Warren County* v. *Gans, supra; Jefferson Davis County* v. *Lumber Co.,* 94 Miss. 530; *Jefferson County* v. *Bass,* 94 Miss. 538; 2 Underhill on Landlord & Tenant, p. 722, and authorities cited; *Dry Dock Co.* v. *Armstrong,* 17 Fed. 216.

Argued orally by *Garner W. Green,* for appellant and *St. John Waddell,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This suit was instituted by appellee to recover of appellant damages by reason of a breach of warranty.  In December, 1906, appellant sold to appellee a large body of merchantable timber, a part of which was situated on a sixteenth section. That portion of the deed executed by appellant material to this controversy is as follows: "Do hereby convey and sell and warrant to the Kennedy Heading Company, a corporation duly chartered and existing under the laws of the state of Arkansas, having its main office at Memphis, Tennessee, engaged in the business of purchasing timber and manufacture of heading, all of the merchantable timber of every kind and description now standing on the following described lands, situated and lying in the county of Yazoo, state of Mississippi, in township 12 north of base line and range 4 west of Choctaw meridian, more particularly described as follows, to wit: . . . All of section 16, except 198 acres thereof which constitutes a part of the Grand Oak plantation, which Grand Oak plantation lies south and west of the old Florida plantation line; this land hereby conveyed in said section 16 being public school land to which the lease

expires May 27, 1954. · . . . It is further agreed between the parties hereto that the purchaser shall have seven years' time from the date of this deed in which to remove the timber herein purchased, after which time what timber may remain upon said lands shall revert to the vendor herein without further claim or recoupment against the vendor by said purchaser.''

Appellee purchased this timber for the purpose of manufacturing part of it into barrel heads, and of then selling the remainder to other parties for commercial purposes. After making the purchase, it erected its mill on the land, manufactured part of the timber into barrel heads, and afterwards sold the remainder, except that situated on section 16. After commencing the cutting of this timber, appellee's attention was called to the fact that appellant had no right to permit it to cut the timber on this section for commercial purposes; and it thereupon ceased so to do, having in the meantime cut a small quantity thereof. Afterwards appellee demanded of appellant that it make good its warranty to the timber on this sixteenth section, and, upon appellee's failure so to do, instituted, in May, 1910, a suit in the circuit court of Yazoo county to recover damages alleged to have been sustained by it by reason of the breach, by appellant, of its warranty of this timber. This proceeding in the circuit court continued for some time, and was productive of much pleading on both sides, and finally, on motion of appellant, the cause was removed to the chancery court, where, in due course, a decree was rendered in accordance with the prayer of appellee's bill.

Appellant's contentions, in effect, are: First, that the deed executed by it to appellee is void (1) because its corporate seal was not affixed thereto, and (2) because it was fraudulently altered by appellee after its execution and delivery; second, that this deed on its face shows that the timber on the sixteenth section was not intended to be included in the warranty; third, that, should the warranty

be construed to cover the timber on the sixteenth section, it is void for the reason that it is an agreement to protect appellee in doing an illegal act, to wit, cutting timber for commercial purposes from sixteenth land; fourth, that in September, 1910, after the institution of suit in the court below, appellant purchased, from the board of supervisors of Yazoo county, the timber on the sixteenth section land, which purchase inured to the benefit of appellee, and discharged appellant's covenant of warranty.

With reference to appellant's complaint as to the chancellor's findings of fact, including his finding that appellant's deed had not been fraudulently altered by appellee after its execution and delivery, it will be sufficient to say that they are based upon conflicting testimony, and therefore are not subject to revision by us.

There is no merit in the contention that the warranty is void because appellant's corporate seal was not affixed to the deed, for the reason that, while such a deed may be inoperative at law, it will be enforced in a court of equity. *Hines* v. *Imperial Naval Stores Co.,* 58 South. 650.

Neither is there any merit in the contention that the deed on its face shows that the timber on the sixteenth section land was not intended to be included in the warranty.    Appellant's contention, in effect, is that, since the deed on its face discloses the fact that the land on which the timber is situated is sixteenth section land, it thereby necessarily discloses the fact that its interest therein was only that of a lessee, and therefore that it had no right to sell the timber, from which it necessarily follows that there was no intention on its part to warrant the title thereto.    In this appellant is in error.    The warranty, in express terms, covers all of the timber, and cannot be restricted by implication because of recitals in other portions of the deed, unless the intention so to do is expressed in clear and unambiguous language; and the fact that the deed on its face shows that a grantor's title is defective is immaterial, in so far as the grantee's right

to recover for a breach of warranty is concerned. This is the necessary effect of the holding in *Naval Stores Co.* v. *Tootle,* 96 Miss. 486, 51 South. 801, though this point was not expressly passed on by the court.

And, moreover, it is not true that, simply because the deed described the land as sixteenth section land, it thereby disclosed that appellant had not the right to dispose of the timber for commercial purposes, since such a right could have been lawfully acquired by it. Section 4702, Code 1906.

Nor is there any merit in the contention that the warranty is void for the reason that it is an agreement to protect appellee in doing an illegal act, to wit, cutting timber for commercial purposes from sixtenth section land. The cutting of such timber from such land for such purposes may, or may not, be unlawful, for the right to do so may be acquired under section 4702 of the Code; and there is nothing in the deed which indicates that an unlawful cutting was contemplated. By its warranty, appellant represented to appellee that it had the right to sell the timber for commercial purposes, and agreed, in event it had not such right, to acquire it for the benefit of appellee when called on so to do, and, in default thereof, to refund to it the money paid therefor.

Nor is there any merit in appellant's contention that it has complied with its warranty by purchasing, after the institution of this suit, the timber from the board of supervisors under the provisions of section 4702 of the Code. It is true that if prior to eviction a grantor of land, with a covenant of warranty, purchases an outstanding title, it inures to the benefit of the grantee and operates as a discharge of the warranty; but where the purchase of a paramount title is made by the grantor after the eviction of the grantee, or after suit begun, when the grantee has the right of instituting a suit without actual eviction, he cannot compel the grantee to accept such after-acquired title in satisfaction of the covenant of war-

ranty, or in mitigation of damages for the breach thereof. While this rule is repudiated in some jurisdictions, the great weight of authority and of reason is in accord therewith.  3 Washburn on Real Property (6 Ed.), sec. 1929; 11 Cyc. 1137, and authorities there cited in note 71.

We find no error in any of the matters complained of.

*Affirmed.*