MISSISSIPPI SAWMILL CO. *v.* DOUGLAS.

[65 South. 885.]

1. COUNTIES. *Board of supervisors. Timber sale. Estoppel. By deed. Grounds. Laws 1898, chapter 41. Laws 1904, chapter 124.*

A board of supervisors cannot be bound by agreements made by individual members of the board, but can bind itself only by an order entered upon its minutes after a legal session.

2. ESTOPPEL. *By deed. Grounds. Laws 1898, chapter 41. Laws 1904, chapter 124.*

Where a defendant holding a ninety-nine year lease of sixteenth section lands, but not owning the timber thereon, in good faith executed a warranty deed of the timber to complainants' predecesor, and after the defect of title was discovered, without consideration, conveyed her leasehold interest to another defendant, who for their joint account purchased all the merchantable timber on the land from the board of supervisors who were authorized by Laws 1898, chapter 41, and Laws 1904, chapter 124, to sell the merchantable timber. In such case on complainant's payment of the amount paid to acquire the paramount title, equity will decree that the title obtained by defendants inured to the benefit of complainant, and will decree that defendants convey such title to complainant.

3. SAME.

In such case complainant can sue for breach of warranty.

APPEAL from the chancery court of Lawrence county. HON. R. E. SHEEHY, Chancellor.

Suit by the Mississippi Sawmill Company, against R. J. Douglas, and others. From a decree for defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*Green & Green,* for appellant.

Fraud being admitted by the demurrer, it must be overruled. Under the allegations of this bill, it appeared that Mrs. Buckley, being the warrantor in a timber deed, under which appellant claimed, with intent to defraud appellant, made a colorable conveyance to her brother, under which they acquired a deed from the board of supervisors to the timber with the intent thereby of defeating the prior conveyance of the timber by Mrs. Buckley and under said colorable conveyance, sharing the profits of the scheme, whereby a warrantor would be able to escape the effect of his warranty and yet hold the property.

The conveyance to that end is averred to have been fraudulent, and this is admitted by the demurree. That being true, the demurrer should be overruled. See *Hamilton* v. *Lockhart,* 41 Miss. 479; *Hanson* v. *Field,* 41 Miss. 714; *Rollins* v. *Thompson,* 13 S. & M. 525; *Stovall* v. *Clayton,* 5 S. & M. 20, Mr. Justice CLAYTON; *Niles* v. *Anderson,* 5 How. (1841), 386; Mitsfords Pleading, 239-298; *Hurd* v. *Smith,* 5 How. 562, 1841. 4 J. C. Rep. 199; 5 Id. 60.

Appellant became vested with the right under appellee's warranty deed to acquire the timber upon a sixteenth section. *Dantzler Lumber Company* v. *State,* 53 So. 1; *Cassedy* v. *Jackson,* 45 Miss. 407; *Houston* v. *Association,* 80 Miss. 31; *Fink* v. *Henderson,* 74 Miss. 8; *Southern Plantations Co.* v. *Kennedy Heading Co.,* decided March 10, 1913; *Jefferson Davis County* v. *Lumber Company,* 94 Miss. 537; *Warren County* v. *Gans,* 80

Miss. 76; *Edward* v. *Hillier,* 70 Miss. 807; *Kaiser* v. *Earhart,* 64 Miss. 492; *McInnis* v. *Pickett,* 65 Ib. 354; *Bramlett* v. *Roberts,* 68 Ib. 325; *Kaiser* v. *Earhart,* 64 Miss. 492; *McInnis* v. *Pickett,* 65 Miss. 354; see, also, *Cassedy* v. *Jackson,* 45 Miss. 407; *Houston* v. *Association,* 80 Miss. 31; *Wade* v. *Barlow,* 51 So. 662; *United States Government of Calloway* v. *Finley, et al.,* 12 Pet. 264, 9 L. Ed. 1079; *Holloway* v. *Miller,* 84 Miss. 781, 36 So. 531; *Dyer* v. *Britton,* 53 Miss. 279; *Coopwood* v. *McCandles,* 54 So. 789; *Kirkpatrick* v. *Miller,* 50 Miss. 421; *Green* v. *Irving,* 54 Miss. 455.

Under appellee's warranty deed any acquisition of the estate conveyed inured to appellant. Under the admission of the demurrer, Mrs. Buckley has made a colorable conveyance to defeat the warranty which she gave appellant's predecessors in title and has, under conveyance from the board of supervisors, been vested in truth with title to that which she heretofore conveyed to appellant.

Under these circumstances, this title so acquired, at once inured to appellant's benefit. *Edwards* v. *Hillier,* 70 Miss. 807; *Kaiser* v. *Earhart,* 64 Miss. 492; *McInnis* v. *Pickett,* 65 Miss. 354; *Bramlett* v. *Roberts,* 68 Miss. 325; *Southern Plantation Co.* v. *Kennedy Heading Company, supra.*

It may be contended that the *Jackson Naval Stores Company* v. *Tootle,* controls here, but we respectfully submit that the question here presented was not there involved and that if the warrantor acquires title from the board of supervisors, that title inured to the warrantee, even though it be in virtue of conveyance of timber upon sixteenth section land. Appellee acquiring the timber with full notice of contract of appellant to purchase, became bound by that contract and holds the timber as trustee.

The bill avers that after the termination of the so-called sixteenth section litigation a contract was made between

appellant and the board of supervisors whereunder they agree to sell to appellant in virtue of the prior deed made to it, the timber upon the land in question and that after this contract had been made and with full notice of it, appellee procured the board of supervisors to make him a deed thereof and that he purchased subject to appellant's rights is manifested by the conveyance itself. Its recitals condemn his rights. Appellant had a valid contract of purchase with the board of supervisors, which contract conferred upon appellant the right to have a conveyance made by said board to it and when, with knowledge of such contract, appellee attempted to acquire that which had already been sold, he necessarily acquired it subject to the rights of appellant. That this contract was made between appellant and the board of supervisors is admitted. That it was valid, we do not think can be successfully disputed, especially by one who has made a warranty deed to that which we were purchasing, to us, and who had breached the warranty by failing to convey that which was called for and thereafter acquiring it in conjunction with another. So that, in the instant case, purchasing with full notice of our rights, we respectfully submit that R. J. Douglas became a trustee for appellant of that which appellant had purchased of the board of supervisors, when said Buckley purchased from said board, well knowing of the rights of appellant, he became thereby a trustee *ex maleficio* and should convey to appellant.

This brief was prepared before the case of *Southern Plantation Company* v. *Kennedy Heading Company* was decided, and that decision, we respectfully submit, is on all-fours with the contention herein by appellant, and is necessarily decisive of this controversy in favor of appellant.

Wherefore, we respectfully urge upon this court that our rights guaranteed under the Federel Constitution have been impaired and that we should be protected therein.

Wherefore, we respectfully submit that the judgment of the court below should be reversed and the cause remanded with leave to appellees to answer, or if not, and the cause should be affirmed upon a technical point, that appellant be given leave to amend.

*Luther E. Grice,* for appellee.

We submit that this instrument was and is unlawful and a nullity, conveying no timber and no rights. *Naval Stores Co.* v. *Tootle,* 96 Miss. 486; *Moss Point Lumber Company* v. *Harrison County,* 89 Miss. 448; *Warren County* v. *Gans,* 80 Miss. 76.

The first point laid in the brief of opposite counsel is, "the bill alleging fraudulent conveyance for the purpose of defeating rights vested, which fraud was admitted by the demurrer, the demurrer must be overruled.

On this point let us say that fraud is a question of law; and while all the allegations of fact made in the bill are admitted by the demurrer, yet if those alleged facts do not amount to a fraud on appellant, as a matter of law, then fraud is not admitted by the demurrer. A demurrer admits allegations of fact, but not conclusions of law. *Partee* v. *Kortrecht,* 54 Miss. 66; *Patterson* v. *Ingraham,* 23 Miss. 87; *Spears* v. *Cheatam,* 44 Miss. 64.

As to the second point in counsel's brief, we say that the lessee of sixteenth section land has no commercial interest or right in or to the timber on the land to enjoy or convey from the board of supervisors. This court has not held in any former case, nor even so hinted. But, in any event, the deed from Mrs. Buckley to Meyer cannot be construed as having been made with any intent or purpose to convey any such "right." Counsel insists that the case of *Southern Plantation Company* v. *Kennedy Heading Company, supra,* is on all-fours with their contentions for appellant and is decisive of this controversy in its favor.

I may well take issue with them on this assertion and in support of myself invoke the same line of reasoning

which counsel employed in their effort, earlier in their able brief, to bar me from any benefit on account of the decision in the case of *Naval Stores Co.* v. *Tootle, supra.* Referring to that case, in advance of my brief, counsel quote at length from the opinion of the court (as they say; but, on examination I find that they do not quote a single syllable from the opinion of the court, but merely set out, *in toto,* the reporter's statement of the facts of the case), and they say that "the court did not have before it, at that time any connection with reference to the right upon the part of the lessee or his vendee, under section 4702 to acquire the timber upon the land from the board of supervisors" etc. I may say that the case of *Southern Plantation Company* v. *Kennedy Heading Company,* like *Naval Stores Company* v. *Tootle,* was a suit on breach of warranty. The court did not have before it the contention now made in the year 1906, after the law with reference to the sale of sixteenth section timber by boards of supervisors to sell the timber which the deed purported to convey.

In that case Mr. Justice Smith, for the court, said: The fact that the deed on its face shows that a grantor's title is defective is immaterial in so far as the grantee's right to recover for a breach of warranty is concerned. This is the necessary effect of the holding in *Naval Stores Company* v. *Tootle,* 96 Miss. 486, though this point was not expressly passed on by the court. Moreover, it is not true that simply because the deed described the land as sixteenth section land that it thereby disclosed that appellant had not the right to dispose of the timber for commercial purposes, since such a right could have been lawfully acquired by it. Section 4702 of the Code.

In the case at bar the deed by Mrs. Buckley disclosed that she had not the right to convey the property described, since, under the law then in effect, she was not permitted to acquire such a right. Counsel lays great

stress on *Wade* v. *Barlow,* 54 So. 662.  We say that was another suit on breach of warranty and had no application to the case at bar.  I am unable to see in that decision a single point having any bearing on the case at bar.  The same thing is true of the other cases cited by counsel in which the measure of damages on breach of warranty was the chief point treated.

In conclusion, referring to the specific grounds laid in the demurrer, let me say: First, there is no equity on the face of the bill; second, the bill is incomplete and insufficient in that various and sundry deeds therein referred to as exhibits to, and parts of, the bill are not annexed or attached to and filed with the bill of complainant.  We must here insist, as we insisted in the court below, that the bill of complainant is demurrable on the ground, alone, that some of the most material "exhibits" to the bill are not actually exhibited in the bill.  The alleged order of the board of supervisors and the alleged deed to R. J. Douglas in pursuance of said order, for instance, are necessary, we submit to be set out in the bill.  The alleged contract between appellant and the attorneys for the board of supervisors for the purchase and sale of the timber, if in writing, should be shown.  Third, the bill is argumentative in form, and in substance states no ground for complaint or relief.

We repeat, appellant has never been vested with any right in the timber in controversy, as the bill itself shows.  Hence no allegation of fraud can amount, in law, to any injustce to appellant.

Cook, J., delivered the opinion of the court.

Briefly stated, the bill of complaint filed in this case alleges that Mrs. Buckley, one of the deefndants, on May 5, 1899, being the owner of a ninety-nine year lease of certain sixteenth section lands situated in Lawrence county, executed a warrnaty deed by which she conveyed to Henry Myer "all timber and timber-like trees" grow-

ing on said land, and that, by regular mesne conveyances complainant succeeded to the rights and privileges first conveyed to Henry Myer. It is further stated in the bill that in 1910 Mrs. Buckley executed and delivered to her brother, R. J. Douglas, the other defendant, a deed of conveyance of her leasehold interest in the said sixteenth section lands, for the purpose of vesting the title in her brother; that this deed to her brother was without consideration, and was made in furtherance of an agreement between Mrs. Buckley and her brother that the brother would purchase from the board of supervisors all the merchantable timber growing on said land for the joint account of herself and her brother. It is alleged that R. J. Douglas did secure from the board of supervisors a deed to the merchantable timber growing on said lands. The bill also alleges that complainant with the knowledge of Mrs. Buckley and her brother at the time she made the deed to her brother, had already agreed with the attorney of the board of supervisors upon a contract to purchase the merchantable timber on said lands, and that the conveyance of the leasehold interest to Douglas and the purchase of the timber by him was all for the fraudulent purpose of preventing complainant from buying the timber from the board of supervisors, which Mrs. Buckley had conveyed to complainant's predecessor in title. The bill prays that the deed from the board of supervisors to R. J. Douglas be canceled, and that the title to the timber on said lands be vested in complainant, or that the court, by its decree, compel Douglas to convey the timber to complainant upon payment by complainant to him of the amount paid to the board of supervisors for a deed to the timber. A demurrer was interposed, mainly upon the ground, that there was no equity on the face of the bill. The demurrer was sustained, and appeal granted to settle the principles of law involved in the case.

It is the contention of appellant that the title to the timber which Mrs. Buckley attempted to convey to com-

plainant's predecessor in title should be treated as having vested in Mrs. Buckley when she entered into the above-mentioned agreement with her brother and when her brother obtained title to same from the board of supervisors. In other words, when Mrs. Buckley, by indirection, secured the legal title to the timber she had conveyed, her title thus secured inured to the benefit of her grantee, and equity would vest the title in complainant. It is insisted by appellees that Mrs. Buckley did not own the timber growing on the land when she executed her warranty deed to same, could not obtain title to same, and her deed to same was void *ab initio*. We will reverse the order, and first consider appellees' contention in support of the demurrer.

First, it is insisted that the arrangement alleged to have been made by complainant with the attorney of the board of supervisors, whereby the board was to sell the timber to complainant, was merely a tentative agreement between attorneys, and had no binding force upon the board of supervisors. This position is undoubtedly sound. The board of supervisors cannot be bound by agreements of this character, even if made by the individual members of the board, because the board can only bind itself by an order entered upon its minutes at a legal session of the board. However, we do not understand that complainant takes a contrary view of this question. As we understand the allegations of the bill of complaint, the averment concerning this agreement is made solely for the purpose of showing that Mrs. Buckley and her brother knew that complainant was taking steps to secure the legal title to the timber Mrs. Buckley had attempted to convey, and that they forestalled this effort by "beating complainant to it."

It is claimed by complainant that this action by Mrs. Buckley and her brother will not be tolerated by a court of good conscience, and we do not understand it to be insisted that any legal or binding contract had been made with the board of supervisors.

Next, it is said by appellees that Mrs. Buckley made the warranty deed to Henry Myer in perfect good faith, but under an erroneous conception of the law, that she could lawfully convey the merchantable timber on the lands, and because of this erroneous conception of the law Mrs. Buckley's deed was absolutely void, and she is not now under any legal, or equitable obligations to her grantees who had parted with their money under the same misconception of the law.

This is not a suit upon a breach of warranty, but a bill in equity based upon a warranty of title which the warrantor did not possess at the time the conveyance was executed, but which title the warrantor had secured before the filing of the bill. Mrs. Buckley in good faith attempted to convey the timber to Henry Myer, and Henry Myer and his successors in good faith paid for what they believed was a title to the timber. It was subsequently learned that the original warrantor, Mrs. Buckley, did not own the timber conveyed, and it is alleged in the bill that she combined with her brother to secure the title, but instead of conveying same to complainant as she was in good conscience bound to do, she attempts to put the title in her brother in order that complainant may be prevented from getting what it had paid for and what she had guaranteed to its predecessor in title.

Appellees rely on *Naval Stores Co.* v. *Tootle*, 96 Miss. 486, 51 So. 801, and *Southern Plantations Co.* v. *Kennedy Heading Co.*, 61 So. 166, to support their contention that Mrs. Buckley's warranty was a nullity and that she incurred no obligation thereby. In *Naval Stores Co.* v. *Tootle, supra*, the court uses this language:

"The sale of this timber by Tootle was a nullity, and there was a breach of the warranty made by him at the very instant it was made."

Nevertheless, the court held that he was liable for breach of warranty. The fact that his deed was a nullity

did not absolve him from making his warranty good.
That case was a suit for damages for a breach of war-
ranty, and the court used the language quoted in answer
to the contention that plaintiff had not been evicted. It
was held that plaintiff did not have to wait for an evic-
tion from public lands in order to entitle him to damages
for breach of warranty. This point alone was the sub-
ject of decision, and we do not think there is anything in
that case in any way touching the questions presented
by the record in the present case.

The case of *Southern Plantations Co.* v. *Kennedy
Heading Co., supra,* does not offer any comfort to appel-
lees, and if it has any bearing upon the questions pre-
sented by the record now before the court, it may be
construed against appellees' general views of the law of
the present case, especially the observations of the court
upon the third point made by appellant.

We believe that the fact that we are dealing with
sixteenth section lands and the timber growing thereon
has but little significance in the proper solution of the
principles of law here involved. It is true that Mrs.
Buckley's deed to Myer, in so far as it undertook to con-
vey the timber growing on the lands other than the pine
timber, was ineffectual to accomplish its intention, but it
does not follow that she could subsequently acquire the
right to sell all the timber and set up her after-acquired
title to defeat her warranty. By chapter 41, Laws 1898,
boards of supervisors in counties having control of six-
teenth section lands were authorized to sell merchantable
pine timber growing thereon, and Mrs. Buckley, when she
executed the deed to Henry Myer, could have bought
from the board of supervisors that class of timber. By
chapter 124, Laws 1904, the power of the board of su-
pervisors to sell timber on sixteenth sections was broad-
ened by empowering the boards to "sell the merchanta-
ble timber of any and all varieties." By these two acts
and by the provisions of the Code of 1906 Mrs. Buckley

is alleged to have acquired all the merchantable timber on the lands in question by using her brother as a receptacle of the title.

The simple question is, Will a court of equity, looking through forms, decree that the title to the timber thus obtained to the benefit of complainant, and to this end further decree that the legal title shall be placed where it belongs? As before stated, the bill alleges that Mrs. Buckley conveyed the timber in good faith, believing that she had a right to do so, and appellant accepted the deed and paid the price under the same belief. It seems to us that good faith and good conscience require that a court of equity grant the relief sought by the bill. There is no conceivable reason why Mrs. Buckley should not be required to carry out her contract to vest complainant with a perfect title to the property for which she received the agreed price, whenever it became possible for her to do so. This appears to be common honesty; and, while it is true, complainant might sue for breach of warranty, we are unable to agree to the proposition that that is the full measure of his rights. When the warrantor acquires an outstanding paramount title, it cannot be used to defeat the title of the warrantee, but will inure to the benefit of the warrantee. This is a familiar principle of law and needs no citation of authorities.

Our books are full of cases announcing the rule of law, but we will cite but one, a case dealing with the purchase of an outstanding title in the government.

In *Wade* v. *Barlow,* 99 Miss. 33, 54 So. 662, it was held to be a well-established general rule that where the purchaser has been put in possession, he cannot afterwards acquire an outstanding title in the United States and set it up in apposition to the vendor. In that case the title conveyed was in the United States, and of course the vendor could not have made a valid deed—the deed was a nullity, and no title passed, and yet the vendee was not permitted to set up a title obtained from the government

107 Miss. **44**

to defeat a suit for breach of warranty—and it was held that nothing could be recovered by way of offset, except the actual money paid for the paramount title. Turning this rule about, we can see no reason why Mrs. Buckley could acquire the paramount title and set it up to defeat her own contract, and continue to enjoy the benefits of the paramount title. When Douglas is paid the amount it took to buy the paramount title, she and her codefendant should be compelled to. convey the title to her warrantee.

*Reversed and remanded.*